

Lawrence D. Murray (SBN 077536)
MURRAY & ASSOCIATES
1781 Union Street
San Francisco, CA 94123
Tel: (415) 673-0555   Fax: (415) 928-4084
Attorneys for Plaintiffs



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| PAMELA WALKER, GWENDOLYN HARVEY-NOTO, FELISHA THOMAS, JENNIFER KEETON, OLGA KINCADE, EMIKO THEODORIDIS, MATTIE SPIRES-MORGAN, and JEREMY DEJUSUS,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>Defendants. | No. CV 08 2406<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br>1) Gender Discrimination, Title VII<br>2) Gender Discrimination, FEHA<br>3) Gender Employment Restriction Title VII<br>4) Gender Employment Restriction, FEHA<br>5) Retaliation for Protected Activity, Title VII<br>6) Retaliation for Protected Activity, FEHA<br>7) Failure To Prevent Violation of FEHA<br><br>**JURY TRIAL DEMANDED** |
|---|---|

Plaintiffs PAMELA WALKER, GWENDOLYN HARVEY-NOTO, FELISHA THOMAS, JENNIFER KEETON, OLGA KINCADE, EMIKO THEODORIDIS, MATTIE SPIRES-MORGAN and JEREMY DEJUSUS complain of Defendant CITY AND COUNTY OF SAN FRANCISCO, and allege:

## FACTS COMMON TO ALL CAUSES OF ACTION

### A. Jurisdiction and Venue

1. Jurisdiction of matters claimed herein is properly before the United States District Court, Northern District of California pursuant to 28 USC 1331. Jurisdiction of all California claims is proper pursuant to this court's Supplemental Jurisdiction, specifically, 28 USC 1367(a).

2. Venue of all matters claimed herein is properly before the United States District Court for the Northern District of California as each of the acts alleged occurred within this district.

3. Pursuant to United States District Court, Northern District of California, Local Rule 3-2(d), this action is being commenced in San Francisco, California, because the facts and circumstances of this action arose in San Francisco County, California.

**B.     Identity of Plaintiff**

4.      Plaintiffs PAMELA WALKER, GWENDOLYN HARVEY-NOTO, FELISHA THOMAS, JENNIFER KEETON, OLGA KINCADE, EMIKO THEODORIDIS, MATTIE SPIRES-MORGAN and JEREMY DEJUSUS are Citizens of the United States and residents of the territorial jurisdiction of this court. Specifically, the City and County of San Francisco and the State of California. At all times relevant plaintiffs were employees of Defendant CITY AND COUNTY OF SAN FRANCISCO as deputy sheriff's in the Sheriff's Department of the City and County of San Francisco.

5.      At all times relevant plaintiffs were employed in the City and County of San Francisco, State of California, and were discriminated against within the City and County of San Francisco.

**C.     Identity of Defendants**

6.      Defendant CITY AND COUNTY OF SAN FRANCISCO is a public entity operating and doing business in the City and County of San Francisco, State of California. At all relevant times, Defendant CITY AND COUNTY OF SAN FRANCISCO, was and is an employer within the definition of employer as defined for the purposes of discrimination under Title VII (42 USC 2000 e) and the Fair Employment and Housing Act Government Code §§12900, *et seq.*, (herein referred to as "FEHA") in that said defendant employed more than twenty thousand employees, more than the minimum number of persons in the State of California to be classified as an employer under Title VII and FEHA.

7.      At all relevant times, Defendant CITY AND COUNTY OF SAN FRANCISCO, was and is an employer within the definition of employer as defined for the purposes of discrimination under The Civil Rights Act of 1964, (42 USC 2000 e) and the Fair Employment and Housing Act, California Government Code §§12900, *et seq.*, (herein referred to as "FEHA") in that said defendant employed more than fifteen employees, more than the minimum number of persons in the State of California to be classified as an employer under Title VII and FEHA.

8.      That the conditions of employment occurred to the plaintiffs listed herein. As said complaint has been raised, defendant has chosen to ignore the complaints of discrimination, and have instructed the victims of said discrimination, including the plaintiffs here, to be silent and or move to another job or get another job rather than carry out there statutory duty to eliminate all forms of illegal discrimination. The changing of positions of these plaintiffs, to the extent that such change has occurred, has not reduced the incidents of discrimination but rather, has necessarily caused the harm of such discrimination to be felt by additional and new victims of such discriminatory conduct.

9.  At all times relevant, Defendant City and County of San Francisco was prohibited from using gender as a basis for discrimination in the assignment of work in the jail by the laws of the State of California in California Penal Code Section 4021(b) which states: "It shall be unlawful for any ... jailer ... to search the person of any prisoner of the opposite sex, except in the company of an employee of the same sex as the prisoner. Except as provided herein, the provisions of this subdivision shall not be applied to discriminate against any employee by prohibiting appointment or work assignment of the basis of the sex of the employee.

**D.  History Giving Rise To Suit**

   **(i)  Discrimination In Employment Against Female Deputies By Defendants**

10. PAMELA WALKER, GWENDOLYN HARVEY-NOTO, FELISHA THOMAS, JENNIFER KEETON, OLGA KINCADE, MATTIE SPIRES-MORGAN, and EMIKO THEODORIDIS were treated less favorably because of their gender, female.

11. On or about October 4, 2006, all female inmates were collected from other sections of the San Francisco County Jail system, many of whom had mail deputy sheriff's as their jailers, and then moved to and reassigned to all inclusive sections unattainable by other sections, (known as "pods") in the San Francisco County Jail, specifically County Jail # 8, ("CJ#8").

12. Assignment of deputies in CJ#8 was realigned so that the female pods in CJ#8 housed only female prisoners which were staffed by only female deputies.

13. On multiple occasions, letters and grievances were directed to the supervisors in charge, including Sheriff Hennessey, notifying them of the discriminatory assignment of only female deputies to the female pods of CJ#8 (see below). The Sheriff's Department past practice had been that the primary deputy be female while the backup can be male. This practice was inconsistent with, in violation of, and in excess of the authorization for gender consideration found in the California Penal Code 4021 which states that a female deputy must be available and accessible for female inmates at all times, not that only female deputies can be assigned to female pods. Penal Code Section 4021 specifically prohibits gender based discriminatory work assignments in said female pods and elsewhere in the jail system.

14. Notably, in most, if not all federally operated and California state prisons, men and women have consistently staffed both the male and female pods and jail facilities without regard to gender of the staff or of the prisoner. There is no practice in the federal and California state prison and jail system that excludes males from working in jails and prisons which house women.

15. However, in the San Francisco County Jail system, effective October 4, 2006, the City and County of San Francisco, by and through the Sheriff's Department, instituted a new policy of consolidating and housing all female inmates in one area, County Jail # 8, ("CJ#8"), more particularly in three sections of the jail, commonly referred to as "pods," and using only female deputies to staff these three female pods,

16. By written directive of October 18, 2007, from Chief Arata to all of the jails, those female deputies previously assigned to other jails, specifically County Jail 1 and 2, were reassigned to CJ#8.

17. The assignment of female deputies, including the female plaintiff employees, causes harm to such female employees over and above the harm encountered by male deputies. Female deputies working female only pods are constantly and continually put at a great risk of harm above and beyond that experienced by male deputies who do not work the female side of the jail.

18. In the San Francisco jails and elsewhere, female inmates are more difficult to supervise than male inmates. Female inmates require more attention, are more disruptive and tend to be more violent towards each other and these deputies, and are allowed access to more dangerous items as compared to male inmates.

19. Female deputies assigned to and supervising female inmate pods are exposed to increased risk of physical harm since they work alone for periods of time (lunch, dinner, breaks, midnight shift) which increases the risk of harm to these female deputies. Male and female deputies supervising male inmates generally have at least two deputies per male inmate pod. When dealing with male prisoners in male pods, during meal breaks a supervisor will fill in to maintain the two deputy minimum.

20. The female pods are generally designated for specific numbers of prisoners per pod. However, due to overcrowding and the lack of space and bedding, the female pods of CJ#8 are often overcrowded beyond their capacity. For example, in May, June and July 2007, there were many instances of overcrowding by as much as 20 inmates in excess of the 86 capacities for the female pod which far exceeded the available bed space. The male pods do not suffer from excessive numbers of inmates as they are generally shipped to other jails when they arrive and no bed space is available. This condition, and the limited number of female deputies, increases the risk of harm, the risk that one or two female deputies would be hurt or killed in the situation, and increases the stress on female deputies beyond those suffered by male deputies. Inmates have a history of attacking other inmates and harming the inmates, such as attacks with hot scalding water causing second degree burns, where, in this setting there is overcrowding and a lack of female deputies to supervise the situation safely.

21.     Further, overcrowding is exacerbated by a policy in which inmates confined by reason of Parol Revocation and pending Parol Hearings are given priority and space in CJ#8. San Francisco County Jails receive funds from the Department of Corrections, State of California, for housing Parolees awaiting hearings. San Francisco County female inmates are forced to sleep on the floor having their bed reassigned to the Parol inmate. Female deputies are thus forced to quell the fights and hostility created by this situation which is rarely encountered in the male only pods.

22.     In the female pods, lights are not kept on 24 hours a day as is the case with most male pods (e.g. F Pod). This increases the chance of danger to the sole female deputy watching over the inmates as she cannot see where potential conflicts may arise, and is unequipped to handle any conflicts if they arise due to a lack of personnel, especially when compared to her counterpart working the male pods.

23.     Due to the policy of female only deputies in female pods, female deputies are often assigned a transfer and detailed to these female pods without training and without understanding of the security procedures for the operation of their position. Assignment without training places all of the employees, inmates and deputies at greater risk of injury and places the security of the jail at higher risk.

24.     The female population at CJ#8 is more dangerous than the population in the all male sections. Female pods have all of the female population, including those who are unusually violent and dangerous, randomly placed in the pod without regard to classification for security purposes, including their history and level of danger. Female pods have those who are emotionally distressed and dangers to themselves mixed in with normal prisoners. Female pods have those who are classified as, and have an extensive history of violence, mixed in with the general female population, (e.g. MR3's and MR4's). The male pods do not have such mixture of the various levels of dangerous prisoners. The male pods have the dangerous prisoners segregated out and placed in special cells with extra deputies assigned to handle those dangerous male prisoners.

25.     The female pods for female prisoners have no equipment or facilities to safely handle those who are dangerous, while male cells do have special means for handling dangerous prisoners. Male pods have special doors and equipment to have the prisoner in leg and body chains before exiting the cell to preclude an attack on the deputy. No such equipment or facilities is in place to handle the female prisoners, thus allowing more frequent violent attacks against the female deputies in the female pods.

26.     Female deputies who are assigned to these female pods have to perform substantial administrative work, such as passing out medication, delivery of food and replacement clothing, which takes there attention off of the other members of the pods and increases the level of safety risk for the

deputy. The male cells rarely have less than two deputies working and adjust for such a shift in the deputy staffing.

27. Female deputies who are assigned to these female pods fail to get training in many other security positions and fail to get adequate use of the facility to operate it in a safe manner. In order to give the appearance of complying with internal orders and California jail management standards, management, including defendants here, have knowingly and intentionally created false and misleading documentation to demonstrate that certain female deputies assigned to female pods have been trained and certified as competent to work other jail assignments when no such training and no such certification has occurred.

28. Female deputies who are assigned to these female pods fail to have the opportunity to function in other positions, thus limiting their ability to compete for promotion when compared to others who work in and function in numerous other positions.

29. Male deputies assigned to CJ#8 and similar jails enjoy a variety of assignments which relieve and reduce fatigue and stress. Female deputies who are assigned to these female pods do not enjoy a variety of assignments, have increased fatigue from this singular assignment, and have exacerbation of this condition by repeatedly being forced to work additional shifts in these pods while in a fatigued state, thereby additionally increasing their own risk of physical harm from female inmates.

30. Female deputies who are assigned to these female pods have their choice of other benefits of employment such as shift, regular days off (RDOs) and vacation schedule limited because their seniority is no longer the determining factor for receiving such benefits, though it is called for under the rules of the Sheriff's Department and the applicable Memorandum of Understanding to be a determining factor in the distribution of benefits, including days off, vacation and shift assignments.

    (ii)    **Discrimination In Employment Against Male Deputies By Defendants**

31. Plaintiff JEREMY DEJUSUS has been treated less favorably because of gender, male.

32. Since the segregation and movement of all the female inmates into one section on or about October 4, 2006, the Department also implemented a seniority based shift bidding process and a shift bidding process for regular days off, ("RDOs") and shift assignment that is segregated by gender. Instead of having RDOs and shift assignment based on seniority, as has been the practice for years and is required under the collective bargaining agreement, it has been based on gender first since October 2006. This has resulted in some of the more senior male deputies having to take less favorable RDOs

and shift assignments than would be the case if it were based on seniority. When, in 1994-5, defendant attempted such gender based discrimination, complaints were raised and the department relented, admitting it was unlawful gender based discrimination.

33. When it is necessary to recruit deputies for overtime in the female pods of CJ#8, it is posted in writing by the San Francisco Sheriff's Department as overtime available to "female only," effectively eliminating and discouraging any male deputies from signing up for overtime in CJ#8. On rare occasions when only a male deputy can be found to fill the shift, he is then placed in overtime status and traded to another facility for a female who then is assigned to work CJ#8. This puts both deputies at increased risk of physical harm in a facility with which he/she is not familiar and an increased risk of discipline for having made erroneous decisions in the booking, handling and release of prisoners in their custody.

34. By the policy since October 2006, male deputies are discriminated against based on their gender in their ability to work overtime and earn wages from those hours. Overtime signups are supposed to be based on seniority, with more senior deputies getting preference for available overtime. However, due to the practice of staffing only female deputies in the female pods of CJ#8, less senior female deputies are given opportunity for overtime that would otherwise be given to more senior male deputies. Thus, male deputies who are seeking overtime work, who are ready, willing and able to work, have been deprived work and therefore deprived income, as a result of this policy of having only female deputies assigned to work the female only pods of the San Francisco County Jail.

35. The San Francisco Sheriff's Department has a rule, policy and procedure which precludes and/or makes it very difficult for those who complain of gender based discrimination to do so without violating rules, being brought up on disciplinary charges and otherwise being harmed for complaining of illegal forms of discrimination, including gender based discrimination in employment. Notably, there are some pods mixed with male and female prisoners where men are permitted to work.

### E. Internal Complaints, Administrative Complaints And Issuance of Right To Sue

36. The plaintiffs herein, and in the companion suit, titled, *Ambat v. City and County of San Francisco,* United States District Court Number CV 07-03622 SL, have provided numerous internal complaints, administrative complaints and secured right to sue letters or otherwise exhausted administrative procedures.

37. On or about October 2, 2006, on behalf of each of the plaintiffs herein, the San Francisco Deputy

Sheriff's Association did write to Sheriff Michael Hennessey objecting to the policy in question as illegal gender based discrimination. On or about October 18, 2006, in response to the letter sent to Sheriff Michael Hennessey, Chief Arata indicated that the Sheriff's Department would continue with the two tiered gender based assignment of hours and working conditions pursuant to the new policy.

38. On or about October 18, 2006, on behalf of each of the plaintiffs herein, the San Francisco Deputy Sheriff's Association did write to Director of Employee Relations, Department of Human Resources, for the City and County of San Francisco objecting to the policy as illegal gender based discrimination.

39. On or about October 19, 2006, on behalf of each of the plaintiffs herein, the San Francisco Deputy Sheriff's Association did write to Under Sheriff Jan Dempsey objecting to the policy as illegal gender based discrimination and offering alternatives to the female deputy only policy in female only pods. The offer was rejected.

40. Shortly after the institution of female only deputies in female only pods on or about October 7, 2006, numerous deputy sheriffs complained of said actions as discriminatory and harmful to women in muster to her immediate supervisors. Thereafter, since their immediate supervisors refused to talk with them, towards the end of October 2006, various deputy sheriff's approach and complain directly to the top manager at her unit, specifically Chief Thomas Arata, the top level jail commander. After voicing complaints to him, he dismissed the complaint and rejected receipt of the complaint stating that the deputies failed to follow the chain of command. Deputy sheriff's told Arata that they had complained and that their supervisor did not respond except to retaliate against them. Arata told that he would talk to Captain Pecot. Nothing further happened and at no time did Captain Pecot approach alter the discriminatory response or halt her retaliatory conduct, in fact her and Chief Arata intensified their retaliatory conduct.

41. In addition to verbal complaints, various other deputies filed a complaint of gender based discrimination with the Department of Fair Employment and Housing on December 4, 2006. Said Department of Fair Employment and Housing issued a right to sue letter to plaintiff in this matter on or about December 13, 2006.

42. Further and in addition to the other complaints, some deputy sheriff's have filed a complaint of gender based discrimination with the Superior Court of California in the City and County of San Francisco on or about February 20, 2007, which suit has been dismissed.

43. After months of verbal complaints, on February 25, 2007, various deputies drafted a written

grievance regarding outstanding safety issues in the female pod of CJ#8 due to the gender based discriminatory policy for assignment of female deputies to the female pods, which included short staffing due to the refusal to place available men in the female pots, and lighting differences in the female pods creating an even greater unsafe work place. Plaintiff also complained in writing of the safety issues created by having only one deputy for the entire pod where that deputy is responsible for providing food and providing the medications, which left no one attentive to the remainder of the pod and the security needs for the remainder of the pod. The Sheriff's Department and Lieutenant Minor only laughed at these complaints.

44. On or about March 7, 2007, various deputies presented a written complaint of gender based discrimination of only female deputies in female only pods to Sheriff Michael Hennessy, citing safety, lack of opportunity for experience for promotions, and a loss of moral in being subjected to this system of gender based assignments and risks. On or about March 20, 2007, Sheriff Hennessy wrote to Plaintiff without justifying a female deputy only policy in female pods. He rejected her complaint and stated, "a condition of employment with this Department is the willingness to work in any assignment, on any shift, with any days off. I am disappointed when employees forget this and believe that they are somehow entitled to work some, but not all, assignments within the Department. .. Finally, if you find you are stressed for any reason, I suggest you contact the Employee Assistance Program. They offer a range of services to help people manage the stress in their lives."

45. Plaintiffs complained, by means of cross-filing with the United States Government, the Equal Employment Opportunity Commission, on or about November 15, 2007, and received a Right to Sue on said claim of Discrimination and or Retaliation on or about February 19, 2008.

46. That by means of cross filing with the EEOC for and on behalf of the Department of Fair Employment and Housing, on or about November 15, 2007, all plaintiffs filed their complaint of discrimination and/or retaliation with the Fair Employment and Housing Department of the State of California. That on or about January 16, 2008, and pursuant to the cross filing agreement between the EEOC and the DFEH, a right to sue on behalf of the claims under the Fair Employment and Housing Act were filled, Plaintiffs have filed suit within one year of the issuance of the right to sue letters under the Fair Employment and Housing Act and within 90 days of the issuance of same under Title VII by the EEOC.

////

////

## FIRST CAUSE OF ACTION
(Gender Discrimination, Title VII, Civil Rights Act of 1964 (42 USC 2000(e) et seq)
(Plaintiffs v. Defendant City and County of San Francisco)

47. Plaintiffs incorporate each of the foregoing allegations of this complaint as is set forth here.

48. Defendant City and County of San Francisco, were, at all times relevant, an employer within the meaning of the Civil Rights Act of 1964 (42 USC 2000(e) et seq.) Specifically, that at all times relevant the said defendant carries on activities which affects commerce within and employs more than 15 people. (42 USC 2000e (b) and (h))

49. At all relevant times, Plaintiffs were employed by the Defendant CITY AND COUNTY OF SAN FRANCISCO.

50. Plaintiffs PAMELA WALKER, GWENDOLYN HARVEY-NOTO, FELISHA THOMAS, JENNIFER KEETON, OLGA KINCADE EMIKO THEODORIDIS and MATTIE SPIRES-MORGAN were treated less favorably in the terms and conditions of employment and sustained numerous adverse actions as a result of their gender, to wit female, in that they were:

    (a) Exposed to increased risk of physical harm over their male deputies due to conditions of the female pods, as cited above, that these female deputies are forced to work in;

    (b) Exposed to increased risk of physical harm over their male counterparts due to the lack of adequate staffing, as cited above;

    (c) Exposed to increased risk of physical harm over their male counterparts due to depravation of equipment and facilities to handle the inmates which pose a greater risk of physical injury due to mental and emotional stability issues;

    (d) Exposed to increased risk of physical harm over their male counterparts by mixing a mental and emotionally unstable group with others;

    (e) Compelled to work harder with inmates who are more difficult than male inmates.

    (f) Female inmates require more attention and are more violent towards each female plaintiff;

    (g) These female plaintiffs routinely work though breaks and lunch periods in order to protect themselves and their partner from the risk of physical harm exacerbated by supervising the pod alone, and are deprived pay and compensation for such work;

    (h) Limited in their job duties and posts compared to their male counterparts limiting their ability to compete for advancement;

 (i) Some female deputies have been subject to falsification of their achievements and trainings by Department managers who refused to permit them to train at other posts in order to preserve their position in CJ#8;

 (j) Some female deputies have been harmed and reduced in their ability to promote and secure advancement;

 (k) Some female deputies have been subjected to increased levels of job stress as compared to their male counterparts.

51. At all relevant times during their employment, these female Plaintiffs were treated less favorably than others who are male seeking and holding employment with Defendant City and County of San Francisco, due to plaintiffs' gender, and within 300 days of such adverse discriminatory actions they filed discrimination claims with the Equal Employment Opportunity Commission for use by the EEOC and for cross filing with the DFEH.

52. As a result of the discriminatory practice of assigning only female deputies to female pods of CJ#8, Plaintiffs suffered general damages and emotional distress due to the acts of discrimination.

53. Plaintiff DEJESUS has been treated less favorably because of gender, male, in the terms and conditions of employment and sustained numerous adverse actions in that he was:

 (a) Denied overtime work and pay;

 (b) Reduced in their ability to promote and secure advancement due to elimination of opportunity to function at various posts.

54. At all relevant times during their employment, this male Plaintiff was treated less favorably than others who are female seeking and holding employment with Defendant City and County of San Francisco, due to plaintiffs' gender, and within 300 days of such adverse discriminatory actions they filed discrimination claims with the Equal Employment Opportunity Commission for use by the EEOC and for cross filing with the DFEH.

55. As a result of the discriminatory practice of assigning only female deputies to female pods of CJ#8, each of the Plaintiffs have suffered general damages and loss of income due to the acts of discrimination.

  WHEREFORE, plaintiffs pray judgment against defendants as set forth below:

////
////
////

---
*WALKER et al. v. CCSF* United States District Court, Northern District of California Page 11
Complaint for Damages & Injunctive Relief

## SECOND CAUSE OF ACTION
(Gender Discrimination, FEHA (California Government Code § 12940 (a))
(Plaintiffs v. Defendant City and County of San Francisco)

56. Plaintiffs incorporate each of the foregoing allegations of this complaint as is set forth here.

57. Defendant CITY AND COUNTY OF SAN FRANCISCO, is and was, at all times relevant, an employer as defined by California Government Code Section 12926. That at all times relevant the said defendant carries on activities which affects commerce within and employs more than five (5) people.

58. At all relevant times, Plaintiffs were employed by the CITY AND COUNTY OF SAN FRANCISCO.

59. As part of that employment, Plaintiffs PAMELA WALKER, GWENDOLYN HARVEY-NOTO, FELISHA THOMAS, JENNIFER KEETON, OLGA KINCADE EMIKO THEODORIDIS, and MATTIE SPIRES-MORGAN were treated less favorably in the terms and conditions of employment and sustained numerous adverse actions as a result of their gender, to wit female, in that they were:

   (a) Exposed to increased risk of physical harm over their male deputies due to conditions of the female pods, as cited above, that these female deputies are forced to work in;

   (b) Exposed to increased risk of physical harm over their male counterparts due to the lack of adequate staffing, as cited above;

   (c) Exposed to increased risk of physical harm over their male counterparts due to depravation of equipment and facilities to handle the inmates which pose a greater risk of physical injury due to mental and emotional stability issues;

   (d) Exposed to increased risk of physical harm over their male counterparts by mixing a mental and emotionally unstable group with others;

   (e) Compelled to work harder with inmates who are more difficult than male inmates.

   (f) Female inmates require more attention and are more violent towards each female plaintiff;

   (g) These female plaintiffs routinely work though breaks and lunch periods in order to protect themselves and their partner from the risk of physical harm exacerbated by supervising the pod alone, and are deprived pay and compensation for such work;

   (h) Some female deputies have been limited in their job duties and posts compared to their male counterparts limiting their ability to compete for advancement;

   (i) Some female deputies have been subject to falsification of their achievements and

    trainings by Department managers who refused to permit them to train at other posts in order to preserve their position in CJ#8;

(j) Some female deputies have been harmed and reduced in their ability to promote and secure advancement;

(k) Some female deputies have been subjected to increased levels of job stress as compared to their male counterparts.

60. At all relevant times during their employment, these female Plaintiffs were treated less favorably than others who are male seeking and holding employment with Defendant City and County of San Francisco, due to plaintiffs' gender, and within one year of such adverse discriminatory actions they filed discrimination claims with the Department of Fair Employment and Housing within the last 12 months who issued a right to sue letter within the last 12 months, as stated above.

61. As a result of the discriminatory practice of assigning only female deputies to female pods of CJ#8, Plaintiffs suffered general damages and emotional distress due to the acts of discrimination.

62. Plaintiffs JEREMY DEJUSUS has been treated less favorably because of gender, male, in the terms and conditions of employment and sustained numerous adverse actions in that they were:

(a) Denied overtime work and pay;

(b) Reduced in their ability to promote and secure advancement due to elimination of opportunity to function at various posts.

63. At all relevant times during their employment, these male Plaintiffs were treated less favorably than others who are female seeking and holding employment with Defendant City and County of San Francisco, due to plaintiffs' gender, and within 300 days of such adverse discriminatory actions they filed discrimination claims with the Equal Employment Opportunity Commission for use by the EEOC and for cross filing with the DFEH, as aforesaid above.

64. As a result of the discriminatory practice of assigning only female deputies to female pods of CJ#8, each of the Plaintiffs have suffered general damages and loss of income due to the acts of discrimination.

    WHEREFORE, plaintiffs pray judgment against defendants as set forth below:

////
////
////
////

### THIRD CAUSE OF ACTION
(Gender Employment Restrictions Title VII (42 USC 2000(e))
(Plaintiffs v. Defendant City and County of San Francisco)

65. Plaintiffs incorporate each of the foregoing allegations of this complaint as is set forth here.

66. That in order to preclude and prevent discrimination and to thwart the badges of discrimination, any and all attempts to exclude any gender from participating in seeking employment is precluded by Title VII (42 USC 2000(e)).

67. That as a result of having created the female pods in CJ#8, and having a policy and practice to exclude males from employment in said pods, since October 2006, Defendant CITY AND COUNTY OF SAN FRANCSCO did advertise and limit the opportunity for employment in the female pods to female deputies by means of written notice and postings, all in violation of Title VII (42 USC 2000(e))

68. That as a result of violations of Title VII (42 USC 2000(e)) plaintiffs have been injured.

WHEREFORE, plaintiffs pray judgment against defendants as set forth below:

### FOURTH CAUSE OF ACTION
(Advertisement for Gender Discrimination, FEHA (California Government Code § 12940 (d))
(Plaintiffs v. Defendant City and County of San Francisco)

69. Plaintiffs incorporate each of the foregoing allegations of this complaint as if set forth here.

70. That in order to preclude and prevent discrimination and to thwart the badges of discrimination, any and all attempts to exclude any gender from participating in seeking employment is precluded by California Government Code Section 12940 (d).

71. That as a result of having created the female pods in CJ#8, and having a policy and practice to exclude males from employment in said pods, since October 2006, Defendant CITY AND COUNTY OF SAN FRANCSCO did advertise and limit the opportunity for employment in the female pods to female deputies by means of written notice and postings, all in violation of California Government Code Section 12940 (d).

72. That as a result of said violations of California Government Code Section 12940 (d), plaintiffs have been injured as aforesaid.

WHEREFORE, plaintiffs pray judgment against defendants as set forth below:

////

////

### FIFTH CAUSE OF ACTION
(Retaliation For Protected Activity (28 USC 2000e)
(Plaintiff Morgan-Spires v. Defendant CCSF)

73. Plaintiffs incorporate each of the foregoing allegations of this complaint as is set forth here.

74. That motivated as retribution for plaintiffs having engaged in a protected activity, complaining to their superiors, the Department of Fair Employment and Housing, the Equal Employment Opportunity Commission, the Superior Court of California, and the United States District Court in the companion case of *Ambat v. City and County of San Francisco,* United States District Court Number CV 07-03622 SL,, of the unlawful form of gender based discrimination and/or the resulting harm, injury, and increased risk of harm and injury, Plaintiff Mattie Morgan Spires suffered losses and adverse actions as a result of said complaints;

75. As a result of retaliation by Defendants CCSF, and in addition to the retaliation complained of in the companion case of *Ambat v. City and County of San Francisco,* United States District Court Number CV 07-03622 SL, for such protected activity, defendant has taken numerous and various actions and inactions with the likely effect to prevent this plaintiff and others from complaining about gender based discrimination, including having taken adverse employment actions, disciplinary actions, and the like.

76. Said actions are in violation of 28 USC 2000e, retaliation for having participated in a protected activity, complaining of gender based discrimination in the workplace.

77. As a result of such retaliatory discrimination and conduct, plaintiffs have suffered general and special damages in an amount exceeding the jurisdictional minimum of this court.

WHEREFORE, plaintiffs pray judgment against defendants as set forth below:

### SIXTH CAUSE OF ACTION
(Retaliation For Protected Activity (California Government Code § 12940(h)))
(Plaintiff Morgan-Spires v. Defendant CCSF)

78. Plaintiffs incorporate each of the foregoing allegations of this complaint as is set forth here.

79. That motivated as retribution for plaintiffs having engaged in a protected activity, complaining to their superiors, the Department of Fair Employment and Housing, the Equal Employment Opportunity Commission, the Superior Court of California, and the United States District Court in the companion case of *Ambat v. City and County of San Francisco,* United States District Court Number CV 07-03622 SL,, of the unlawful form of gender based discrimination and/or the resulting harm, injury, and increased risk of harm and injury, Plaintiff Mattie Morgan Spires suffered losses and adverse actions as

1. a result of said complaints;

2. 80. As a result of retaliation by Defendants CCSF, and in addition to the retaliation complained of in the companion case of *Ambat v. City and County of San Francisco,* United States District Court Number CV 07-03622 SL, for such protected activity, defendant has taken numerous and various actions and inactions with the likely effect to prevent this plaintiff and others from complaining about gender based discrimination, including having taken adverse employment actions, disciplinary actions, and the like.

81. Said actions are in violation of California Government Code Section 12940 (h), retaliation for having participated in a protected activity, complaining of gender based discrimination. As a result of such retaliation, plaintiffs have suffered general and special damages in an amount exceeding the jurisdictional minimum of this court.

WHEREFORE, plaintiffs pray judgment against defendants as set forth below:

### SEVENTH CAUSE OF ACTION
(Failure to Prevent Discrimination/Retaliation (Government Code § 12940(k))
(Plaintiffs v. Defendant City and County of San Francisco)

82. Plaintiffs incorporate each of the foregoing allegations of this complaint as is set forth here.

83. Defendant had an affirmative duty to take all reasonable steps necessary to prevent discrimination on the basis of and due to Plaintiffs' gender as mandated by Government Code 12940 (k).

84. Defendant breached their affirmative duty to take all reasonable steps necessary to prevent discrimination and provide accommodations and breached such affirmative duty to Plaintiffs.

85. As a result of the failure to take all reasonable steps, including the failure to train, monitor, protect, enforce, and oversee the mandates for anti-discrimination rules Plaintiffs have been injured in the manner set forth herein.

86. As a result of such intentional discrimination, Plaintiffs have suffered general and special damages in an amount exceeding the jurisdictional minimum of this court.

87. As a proximate result of Defendant's discriminatory actions against plaintiffs, plaintiffs have suffered a loss of income and future income loss, in an amount not yet determined and plaintiffs pray leave that when these amounts are known, that they may amend this complaint to allege such amounts.

88. As a result of Defendant's discriminatory actions against plaintiffs, plaintiffs have suffered a loss of income and medical expenses in an amount not yet determined and Plaintiffs pray leave that when these amounts are known, that they may amend this complaint to allege such amounts.

**WHEREFORE**, plaintiffs pray judgment against defendants as follows:

a. For a money judgment awarding Plaintiffs a sum according to proof as general damages for pain and emotional distress, anguish and suffering against defendant;

b. For a money judgment representing compensatory damages including lost wages, and all other sums of money, including future benefits and future wage loss, retirement benefits, together with interest on said amounts, according to proof;

c. For a money judgment representing compensatory damages including medical expenses and other special expenses for treatment and care, and all other sums of money necessary to care for the Plaintiffs as a result of the conduct of Defendants.

d. For an injunction commanding that Defendant City and County of San Francisco Sheriff's Department, and any subsequent affiliated corporation or business entities, post, train, and enforce the rights of all employees under the Fair Employment and Housing Act, to be free of discrimination, harassment and retaliation;

e. For punitive damages according to proof against each of the defendants;

f. For costs of suit, including attorneys' fees; and

g. For any other relief that is just and proper

DATED: May 9, 2008                    Respectfully submitted,

                                      MURRAY & ASSOCIATES

                                      _____
                                      LAWRENCE D. MURRAY
                                      Attorney for Plaintiffs


## JURY TRIAL DEMANDED

Plaintiffs hereby demand a jury trial on all claims contained in her complaint before this court.

DATED: May 9, 2008                    Respectfully submitted,

                                      MURRAY & ASSOCIATES

                                      _____
                                      LAWRENCE D. MURRAY
                                      Attorney for Plaintiffs

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Pamela Walker, et al.

## DEFENDANTS
City and County of San Francisco

**(b)** County of Residence of First Listed Plaintiff  San Francisco
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   San Francisco
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Lawrence D. Murray (SBN 77536)    (415) 673-0555
Murray & Associates
1781 Union Street
San Francisco, CA  94123

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [X] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | [ ] 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | IMMIGRATION | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 2000(e)
Brief description of cause:
Plaintiffs were and continue to be discriminated and retaliated due to their gender by the SF Sheriff's Dept.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE". Ambat vs. CCSF: USDC Northern Dist. Case No. 3:07-cv-03622-SI

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)    [X] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE: May 9, 2008
SIGNATURE OF ATTORNEY OF RECORD

```
Court Name: U.S. District Court, NDCA
Division: 3
Receipt Number: 34611019027
Cashier ID: bucklem
Transaction Date: 05/09/2008
Payer Name: MURRAY AND ASSOCIATES
------------------------------------
CIVIL FILING FEE
 For: pamela walker
 Case/Party: D-CAN-3-08-CV-002406-001
 Amount:         $350.00
------------------------------------
CHECK
 Check/Money Order Num: 13579
 Amt Tendered: $350.00
------------------------------------
Total Due:       $350.00
Total Tendered: $350.00
Change Amt:      $0.00

pjh

Checks and drafts are accepted
subject to collections and full
credit will only be given when the
check or draft has been accepted by
the financial institution on which
it was drawn.
```