DENNIS J. HERRERA, State Bar #139669
City Attorney
ELIZABETH SALVESON, State Bar #83788
Chief Labor Attorney
MARGARET W. BAUMGARTNER, State Bar #151762
JILL J. FIGG, State Bar #168281
RAFAL OFIERSKI, State Bar #194798
Deputy City Attorneys
Fox Plaza
1390 Market Street, 5th Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-4244
Facsimile:      (415) 554-4248
E-Mail:          rafal.ofierski@sfgov.org

Attorneys for Defendant
CITY and COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| PAMELA WALKER, GWENDOLYN HARVEY-NOTO, FELISHA THOMAS, JENNIFER KEETON, OLGA KINCADE, EMIKO THEODORIDIS, MATTIE-SPIRES-MORGAN, and JEREMY DEJESUS,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>Defendant. | Case No. C08-2406 PJH<br><br>**CITY AND COUNTY OF SAN FRANCISCO'S ANSWER TO THE COMPLAINT**<br><br>Date Action Filed:  May 9, 2008 |
|---|---|

1

Defendant City and County of San Francisco hereby answers the "Complaint for Damages and Injunctive Relief" filed on May 9, 2008, by Plaintiffs Pamela Walker, Gwendolyn Harvey-Noto, Felisha Thimas, Jennifer Keeton, Olga Kincade, Emiko Theoridis, Mattie Spires-Morgan and Jeremy DeJesus.

1. In answer to Paragraph 1 of the Complaint, the City asserts that the allegations therein are contentions of law, not allegations of fact requiring a response, and on that basis the City DENIES each and every allegation contained in Paragraph 1.

2. In answer to Paragraph 2 of the Complaint, the City ADMITS that venue is proper. Except as specifically admitted herein, the City DENIES each and every allegation contained in Paragraph 2.

3. In answer to Paragraph 3 of the Complaint, the City asserts that the allegations therein are contentions of law, not allegation of fact requiring a response, and on that basis the City DENIES all the allegations contained in Paragraph 3. To the extent Paragraph 3 contains any factual allegations requiring a response, the City DENIES all such allegations.

4. In answer to Paragraph 4 of the Complaint, the City ADMITS that the Plaintiffs named therein have been employees of the City and County of San Francisco Sheriff's Department. In further answer, the City ADMITS on information and belief that the named Plaintiffs are residents of the state of California. Except as specifically admitted herein, the City DENIES each and every allegation contained in Paragraph 4.

5. In answer to Paragraph 5 of the Complaint, the City DENIES each and every allegation contained therein.

6. In answer to Paragraph 6 of the Complaint, the City ADMITS that it is a chartered city and county organized under the laws of the state of California and the City and County of San Francisco. The City further ADMITS that it is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964 and the Fair Employment and Housing Act. Except as specifically admitted herein, the City DENIES each and every allegation contained in Paragraph 6.

7. In answer to Paragraph 7 of the Complaint, the City ADMITS that it is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964 and the Fair

Employment and Housing Act. Except as specifically admitted herein, the City DENIES each and every allegation contained in Paragraph 7.

8. In answer to Paragraph 8 of the Complaint, the City DENIES each and every allegation contained therein.

9. In answer to Paragraph 9 of the Complaint, the City asserts that the allegations therein are contentions of law, not allegation of fact requiring a response, and on that basis the City DENIES all the allegations contained in Paragraph 9. To the extent Paragraph 9 contains any factual allegations requiring a response, the City DENIES all such allegations.

10. In answer to Paragraph 10 of the Complaint, the City DENIES each and every allegation contained therein.

11. In answer to Paragraph 11 of the Complaint, the City ADMITS that in 2006 the Sheriff's Department decided that all female inmates in the City's jails would be held in one jail housing area. Except as specifically admitted herein, the City DENIES each and every allegation contained in Paragraph 11.

12. In answer to Paragraph 12 of the Complaint, the City ADMITS that the Sheriff's Department decided that the female jail housing area generally would be staffed by female Sheriff's Deputies. Except as specifically admitted herein, the City DENIES each and every allegation contained in Paragraph 12.

13. In answer to Paragraph 13 of the Complaint, the City ADMITS that some Sheriff's Deputies complained about the Department's decision to assign female Sheriff's Deputies to the female jail housing area. Except as specifically admitted herein, the City DENIES each and every allegation contained in Paragraph 13.

14. In answer to Paragraph 14 of the Complaint, the City DENIES each and every allegation contained therein.

15. In answer to Paragraph 15 of the Complaint, the City ADMITS that the Sheriff's Department decided that the jail housing area holding female inmates generally would be staffed by female Sheriff's Deputies. Except as specifically admitted herein, the City DENIES each and every allegation contained in Paragraph 15.

16. In answer to Paragraph 16 of the Complaint, the City ADMITS that the Sheriff's Department has implemented its decision to establish a female jail housing unit generally staffed by female Sheriff's Deputies. Except as specifically admitted herein, the City DENIES each and every allegation contained in Paragraph 16.

17. In answer to Paragraph 17 of the Complaint, the City DENIES each and every allegation contained therein.

18. In answer to Paragraph 18 of the Complaint, the City DENIES each and every allegation contained therein.

19. In answer to Paragraph 19 of the Complaint, the City DENIES each and every allegation contained therein.

20. In answer to Paragraph 20 of the Complaint, the City DENIES each and every allegation contained therein.

21. In answer to Paragraph 21 of the Complaint, the City DENIES each and every allegation contained therein.

22. In answer to Paragraph 22 of the Complaint, the City DENIES each and every allegation contained therein.

23. In answer to Paragraph 23 of the Complaint, the City DENIES each and every allegation contained therein.

24. In answer to Paragraph 24 of the Complaint, the City DENIES each and every allegation contained therein.

25. In answer to Paragraph 25 of the Complaint, the City DENIES each and every allegation contained therein.

26. In answer to Paragraph 26 of the Complaint, the City DENIES each and every allegation contained therein.

27. In answer to Paragraph 27 of the Complaint, the City DENIES each and every allegation contained therein.

28. In answer to Paragraph 28 of the Complaint, the City DENIES each and every allegation contained therein.

29. In answer to Paragraph 29 of the Complaint, the City DENIES each and every allegation contained therein.

30. In answer to Paragraph 30 of the Complaint, the City DENIES each and every allegation contained therein.

31. In answer to Paragraph 31 of the Complaint, the City DENIES each and every allegation contained therein.

32. In answer to Paragraph 32 of the Complaint, the City DENIES each and every allegation contained therein.

33. In answer to Paragraph 33 of the Complaint, the City DENIES each and every allegation contained therein.

34. In answer to Paragraph 34 of the Complaint, the City DENIES each and every allegation contained therein.

35. In answer to Paragraph 35 of the Complaint, the City ADMITS that County Jail Number 8 includes a medical and psychiatric unit for male and female inmates, and that this unit is staffed by male and female Deputies. Except as specifically admitted herein, the City DENIES each and every allegation contained in Paragraph 35.

36. In answer to Paragraph 36 of the Complaint, the City ADMITS that the named Plaintiffs in this action filed EEOC charges in which they alleged that Department's staffing of the female jail housing unit constituted unlawful discrimination. Except as specifically admitted herein, the City DENIES each and every allegation contained in Paragraph 36.

37. In answer to Paragraph 37 of the Complaint, the City ADMITS that the Sheriff's Department received a complaint from the San Francisco Deputy Sheriff's Association concerning the Department's staffing of the female jail housing unit. Except as specifically admitted herein, the City DENIES each and every allegation contained in Paragraph 37.

38. In answer to Paragraph 38 of the Complaint, the City ADMITS that the Department of Human Resources received a complaint from the San Francisco Deputy Sheriff's Association concerning the staffing of the female jail housing unit. Except as specifically admitted herein, the City DENIES each and every allegation contained in Paragraph 38.

5

39. In answer to Paragraph 39 of the Complaint, the City ADMITS that the Sheriff's Department received a complaint from the San Francisco Deputy Sheriff's Association concerning the Department's staffing of the female jail housing unit. Except as specifically admitted herein, the City DENIES each and every allegation contained in Paragraph 39.

40. In answer to Paragraph 40 of the Complaint, the City ADMITS that some Sheriff's Deputies complained about the staffing of the female jail housing unit. Except as specifically admitted herein, the City DENIES each and every allegation contained in Paragraph 40.

41. In answer to Paragraph 41 of the Complaint, the City ADMITS that the Plaintiffs in this action filed EEOC charges in which they alleged that Sheriff's Department's staffing of the female jail housing unit constituted unlawful discrimination. On information and belief, the City ADMITS that one or more of the Plaintiffs received a right-to-sue notice from the EEOC. Except as specifically admitted herein, the City DENIES each and every allegation contained in Paragraph 41.

42. In answer to Paragraph 42 of the Complaint, the City ADMITS that it successfully defended against a lawsuit several Sheriff's Deputies and the Deputy Sheriff's Association filed in San Francisco Superior Court, alleging that the Department's staffing of the female jail housing unit constituted unlawful discrimination. Except as specifically admitted herein, the City DENIES each and every allegation contained in Paragraph 42.

43. In answer to Paragraph 43 of the Complaint, the City ADMITS that some Sheriff's Deputies complained about the staffing of the female jail housing unit. Except as specifically admitted herein, the City DENIES each and every allegation contained in Paragraph 43.

44. In answer to Paragraph 44 of the Complaint, the City ADMITS that the Sheriff responded to a complaint he received concerning the Department's staffing of the female housing unit, expressing disappointment that that some Deputies believed that were entitled to pick and choose work their assignments. Except as specifically admitted herein, the City DENIES each and every allegation contained in Paragraph 44.

45. In answer to Paragraph 45 of the Complaint, the City ADMITS that the Plaintiffs in this action filed EEOC charges in which they alleged that Sheriff's Department's staffing of the

1  female jail housing unit constituted unlawful discrimination.  On information and belief, the City
2  ADMITS that one or more of the Plaintiffs received a right-to-sue notice from the EEOC.  Except
3  as specifically admitted herein, the City DENIES each and every allegation contained in Paragraph
4  45.
5     46.    In answer to Paragraph 46 of the Complaint, the City ADMITS that the Plaintiffs in
6  this action filed EEOC charges in which they alleged that Sheriff's Department's staffing of the
7  female jail housing unit constituted unlawful discrimination.  On information and belief, the City
8  ADMITS that one or more of the Plaintiffs received a right-to-sue notice from the EEOC.  Except
9  as specifically admitted herein, the City DENIES each and every allegation contained in Paragraph
10 46.
11    47.    In answer to Paragraph 47 of the Complaint, the City incorporates its answers to
12 Paragraphs 1 through 46.
13    48.    In answer to Paragraph 48 of the Complaint, the City ADMITS that it is an
14 "employer" within the meaning of Title VII of the Civil Rights Act of 1964.  Except as specifically
15 admitted herein, the City DENIES each and every allegation contained in Paragraph 48.
16    49.    In answer to Paragraph 49 of the Complaint, that the Plaintiffs named therein have
17 been employees of the City and County of San Francisco Sheriff's Department.  Except as
18 specifically admitted herein, the City DENIES each and every allegation contained in Paragraph 49.
19    50.    In answer to Paragraph 50, the City DENIES each and every allegation contained
20 therein.
21    51.    In answer to Paragraph 51, the City DENIES each and every allegation contained
22 therein.
23    52.    In answer to Paragraph 52, the City DENIES each and every allegation contained
24 therein.
25    53.    In answer to Paragraph 53, the City DENIES each and every allegation contained
26 therein.
27    54.    In answer to Paragraph 54, the City DENIES each and every allegation contained
28 therein.

7

55. In answer to Paragraph 55, the City DENIES each and every allegation contained therein.

56. In answer to Paragraph 56 of the Complaint, the City incorporates its answers to Paragraphs 1 through 55.

57. In answer to Paragraph 57 of the Complaint, the City ADMITS that it is an "employer" within the meaning of the Fair Employment and Housing Act. Except as specifically admitted herein, the City DENIES each and every allegation contained in Paragraph 57.

58. In answer to Paragraph 58 of the Complaint, that the Plaintiffs named therein have been employees of the City and County of San Francisco Sheriff's Department. Except as specifically admitted herein, the City DENIES each and every allegation contained in Paragraph 58.

59. In answer to Paragraph 59, the City DENIES each and every allegation contained therein.

60. In answer to Paragraph 60 the City DENIES each and every allegation contained therein.

61. In answer to Paragraph 61, the City DENIES each and every allegation contained therein.

62. In answer to Paragraph 62, the City DENIES each and every allegation contained therein.

63. In answer to Paragraph 63, the City DENIES each and every allegation contained therein.

64. In answer to Paragraph 64, the City DENIES each and every allegation contained therein.

65. In answer to Paragraph 65 of the Complaint, the City incorporates its answers to Paragraphs 1 through 64.

66. In answer to Paragraph 66, the City asserts that the allegations contained therein are legal contentions, not allegations of fact requiring a response, and on that basis the City DENIES each and every allegation contained in Paragraph 66.

67. In answer to Paragraph 67, the City asserts that the allegations contained therein are legal contentions, not allegations of fact requiring a response, and on that basis the City DENIES each and every allegation contained in Paragraph 67.  To the extent Paragraph 67 contains any factual allegations requiring a response, the City DENIES all such allegations.

68. In answer to Paragraph 68, the City DENIES each and every allegation contained therein.

69. In answer to Paragraph 69 of the Complaint, the City incorporates its answers to Paragraphs 1 through 68.

70. In answer to Paragraph 70, the City asserts that the allegations contained therein are legal contentions, not allegations of fact requiring a response, and on that basis the City DENIES each and every allegation contained in Paragraph 70.

71. In answer to Paragraph 71, the City asserts that the allegations contained therein are legal contentions, not allegations of fact requiring a response, and on that basis the City DENIES each and every allegation contained in Paragraph 71.  To the extent Paragraph 71 contains any factual allegations requiring a response, the City DENIES all such allegations.

72. In answer to Paragraph 72, the City DENIES each and every allegation contained and incorporated therein.

73. In answer to Paragraph 73 of the Complaint, the City incorporates its answers to Paragraphs 1 through 72.

74. In answer to Paragraph 74 of the Complaint, the City DENIES each and every allegation contained therein.

75. In answer to Paragraph 75 of the Complaint, the City DENIES each and every allegation contained therein.

76. In answer to Paragraph 76, the City asserts that the allegations contained therein are legal contentions, not allegations of fact requiring a response, and on that basis the City DENIES each and every allegation contained in Paragraph 76.  To the extent Paragraph 76 contains any factual allegations requiring a response, the City DENIES all such allegations.

77. In answer to Paragraph 77 of the Complaint, the City DENIES each and every allegation contained therein.

78. In answer to Paragraph 78 of the Complaint, the City incorporates its answers to Paragraphs 1 through 77.

79. In answer to Paragraph 79 of the Complaint, the City DENIES each and every allegation contained therein.

80. In answer to Paragraph 80 of the Complaint, the City DENIES each and every allegation contained therein.

81. In answer to Paragraph 81, the City asserts that the allegations contained therein are legal contentions, not allegations of fact requiring a response, and on that basis the City DENIES each and every allegation contained in Paragraph 81. To the extent Paragraph 81 contains any factual allegations requiring a response, the City DENIES all such allegations.

82. In answer to Paragraph 82 of the Complaint, the City incorporates its answers to Paragraphs 1 through 81.

83. In answer to Paragraph 83 of the Complaint, the City asserts that the allegations contained therein are legal contentions, not allegations of fact requiring a response, and on that basis the City DENIES each and every allegation contained in Paragraph 83. To the extent Paragraph 83 contains any factual allegations requiring a response, the City DENIES all such allegations.

84. In answer to Paragraph 84 of the Complaint, the City asserts that the allegations contained therein are legal contentions, not allegations of fact requiring a response, and on that basis the City DENIES each and every allegation contained in Paragraph 84. To the extent Paragraph 84 contains any factual allegations requiring a response, the City DENIES all such allegations.

85. In answer to Paragraph 85 of the Complaint, the City DENIES each and every allegation contained therein.

86. In answer to Paragraph 86 of the Complaint, the City DENIES each and every allegation contained therein.

87. In answer to Paragraph 87 of the Complaint, the City DENIES each and every allegation contained therein.

88.     In answer to Paragraph 88 of the Complaint, the City DENIES each and every allegation contained therein.

**<u>AFFIRMATIVE DEFENSES</u>**

1.      As the First Separate and Affirmative Defense to the Complaint, the City asserts that the Complaint, and each and every allegation contained therein, whether considered singly or in combination, failed to state a claim upon which relief can be granted.

2.      As the Second Separate and Affirmative Defense to the Complaint, the City asserts that the Complaint, and each and every claim contained therein, whether considered singly or in combination, is barred by statutes of limitations, including but not limited to the statutes of limitations set forth in Title VII and the Fair Employment and Housing Act.

3.      As the Third Separate and Affirmative Defense to the Complaint, the City asserts that Plaintiffs have failed to exhaust their administrative and/or contractual remedies.

4.      As the Fourth Separate and Affirmative Defense to the Complaint, the City asserts that Plaintiffs have failed to mitigate their damages, if any, as required by law.

5.      As the Fifth Separate and Affirmative Defense to the Complaint, Defendants assert that the Complaint and each and every claim contained therein, whether considered singly or in combination, is barred by the doctrine of unclean hands.

6.      As the Sixth Separate and Affirmative Defense to the Complaint, the City asserts the Complaint, and each and every claim contained therein, whether considered singly or in combination, is barred immunities conferred upon them by federal and California law, including but not limited to California Government Code §§ 825 *et seq*.

7.      As the Seventh Separate and Affirmative Defense to the Complaint, the City asserts that at all times and places alleged, the City acted without malice and with a good faith belief in the propriety of its conduct.

8.      As the Eighth Separate and Affirmative Defense to the Complaint, the City asserts that at all times and places alleged, the City performed and discharged in good faith each and every obligation, if any, owed to Plaintiffs.

9. As the Ninth Separate and Affirmative Defense to the Complaint, the City asserts that at all times material herein, its conduct was privileged and/or justified under applicable law.

10. As the Tenth Separate and Affirmative Defense to the Complaint and to each and every claim contained therein, the City asserts that any relief sought by Plaintiffs is barred by the doctrine of laches.

11. As the Eleventh Separate and Affirmative Defense to the Complaint, the City asserts that, by their conduct, Plaintiffs have waived any right to relief.

12. As the Twelfth Separate and Affirmative Defense to the Complaint, the City asserts that any liability of the City is barred by the provisions of California Government Code §§ 815, 815.2 and 820.4, and other applicable provisions of federal and California law, since any liability of the City would have resulted from the acts or omissions, if any, by public employees in the exercise of due care in the execution and enforcement of the law.

13. As the Thirteenth Separate and Affirmative Defense to the Complaint, the City asserts that it is not liable under the provisions of California Government Code §§ 815, 815.2 and/or 820.2, and other applicable provisions of federal and California law, in that any damage to Plaintiffs as alleged in the Complaint would have resulted from acts or omissions committed in the exercise of discretion vested in public employees.

14. As the Fourteenth Separate and Affirmative Defense to the Complaint, the City asserts that: (1) this Court is without jurisdiction as to any claim by Plaintiffs for damage or injury including, but not limited to, any claim of emotional and/or physical injuries, and any and all disabilities or injuries incurred in the examination or treatment, or care or lack thereof of such injuries; and (2) that the Workers' Compensation Appeals Board has exclusive jurisdiction over Plaintiffs' claims for any such injuries.

15. As the Fifteenth Separate and Affirmative Defense to the Complaint, the City asserts that the actions complained of are protected by the doctrine of qualified immunity.

16. As the Sixteenth Separate and Affirmative Defense to the Complaint, the City asserts that the alleged injuries and damages of which Plaintiffs complain were the proximate result of the sole negligence, acts, omissions or conduct of others, including, but not limited to, Plaintiffs.

17. As the Seventeenth Separate and Affirmative Defense to the Complaint, the City asserts that it has exercised its discretion and, based on the facts and the law, has not abused it.

18. As the Eighteenth Separate and Affirmative Defense to the Complaint, the City asserts that Plaintiffs are estopped by their conduct from asserting any claim against the City.

19. As the Nineteenth Separate and Affirmative Defense to the Complaint, the City asserts that Plaintiffs have failed to comply with the jurisdictional prerequisites to maintaining lawsuits under Title VII of the Civil Rights Act of 1964, the Fair Employment and Housing Act and the Government Tort Claims Act.

20. As the Twentieth Separate and Affirmative Defense to the Complaint, the City asserts that Plaintiffs have failed to comply with the claim presentation requirements of California Government Code § 910 *et seq*. and other applicable provisions of law.

21. As the Twenty First Separate and Affirmative Defense to the Complaint, the City asserts that the Sheriff Department's staffing policy contested by Plaintiffs is a bona fide occupational qualification.

WHEREFORE, the City prays that Plaintiffs take nothing by their Complaint, that Plaintiffs' Complaint be dismissed with prejudice, and for the following:

1. For cost of suit herein;
2. For reasonable attorney's fees; and
3. For any such other relief as the Court deems just and proper.

///
///
///
///
///
///
///

Answer to Complaint, Case No. C08-2406    n:\labor\li2008\081343\00491661.doc

Dated: June 23, 2008

          DENNIS J. HERRERA  
          City Attorney  
          ELIZABETH S. SALVESON  
          Chief Labor Attorney  
          MARGARET W. BAUMGARTNER  
          JILL J. FIGG  
          RAFAL OFIERSKI  
          Deputy City Attorney

By: _____/s/_____  
    RAFAL OFIERSKI

    Attorneys for Defendant  
    CITY AND COUNTY OF SAN FRANCISCO