LAWRENCE D. MURRAY (SBN 077536)
CHRISTINA L. JOHNSON (SBN: 114232) clj_iplaw@yahoo.com
MURRAY & ASSOCIATES
1781 Union Street
San Francisco, CA  94123
Tel:    (415) 673-0555
Fax:    (415) 928-4084

Attorneys for Plaintiffs PAMELA WALKER ET AL.


DENNIS J. HERRERA (SBN: 139669)
City Attorney
ELIZABETH S. SALVESON (SBN: 83788)
Chief Labor Attorney
MARGARET BAUMGARTNER (SBN: 151672)
JILL J. FIGG (SBN: 168281)
RAFAL OFIERSKI (SBN: 194798)
Deputy City Attorneys
Fox Plaza
1390 Market Street, Fifth Floor
San Francisco, CA 94102
margaret.baumgartner@sfgov.org
Tel: (415) 554-3859
Fax: (415) 554-4248

Attorneys for Defendant CITY AND COUNTY OF SAN FRANCISCO

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAMELA WALKER, GWENDOLYN HARVEY-NOTO, FELISHA THOMAS, JENNIFER KEETON, OLGA KINCADE, EMIKO THEODORIDIS, MATTIE SPIRES-MORGAN, JEREMY DEJUSUS,<br><br>        Plaintiffs,<br>    vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO<br><br>        Defendant. | **Case No. C-08-02406 PJH**<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND FED.R. CIV. P. 26(f) REPORT**<br><br>**Honorable Phyllis J. Hamilton**<br><br>**Case Management Conference Date: August 14, 2008**<br>**Time: 2:30 p.m.**<br>**Location: Courtroom: 3, 17th Floor** |

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rules 16-18 and 16-9, plaintiffs PAMELA WALKER et al. and defendant CITY AND COUNTY OF SAN FRANCISCO respectfully submit their Case Management Conference Statement and Rule 26(f) Report.

## I. DESCRIPTION OF THE CASE

### A. Events Underlying the Action

The Complaint alleges causes of action for gender discrimination, gender employment restriction and retaliation for protected activities in violation of Title VII (42 USC 2000(e)) and the Fair Employment and Housing Act (Government Code §§12900 *et seq*,, (hereinafter referred to as "FEHA"). The allegations of the Complaint are summarized as follows: In or about October 4, 2006 the assignment of female deputies in County Jail No. 8 (hereinafter referred to as "CJ#8") was realigned such that the female inmates were housed in female-only "pods" in CJ#8. These "pods" were and are to be staffed by female Sheriff Deputies. Plaintiffs claim that this is a form of gender-based discrimination in work assignments specifically prohibited by Section 4021 of the California Penal Code and more generally prohibited by Title VII and FEHA. Defendant City and County of San Francisco ("the City") and other individually names defendants claim that there are legitimate non-discriminatory bases for the aforementioned staffing policies.

Plaintiffs claim that, despite protests and grievances directed to their supervisors notifying them of the discriminatory treatment, the practice of assigning female deputies only to CJ#8 persists and certain of the complaining deputies and plaintiffs herein have been

and are being subject to retaliation in the form of "counseling" and other disciplinary actions initiated by the deputies' supervisors. The City claims that each employment action it has taken with regard to the female sheriffs is justified based on the circumstances and that such actions are neither retaliatory nor discriminatory.

By written directive dated October 18, 2006, from Chief Arata to all of the jails, those female deputies previously assigned to other jails, specifically to County Jail 1 and 2, were reassigned to CJ#8. Plaintiffs claim that the female deputies working in female-only pods have been and are being put at risk of harm above and beyond that experienced by male deputies who do not work the female side of the jail. Plaintiff further alleges and state that they will establish that female inmates are generally and statistically more difficult to manage and are often more dangerous as compared to male inmates. Plaintiffs assert that thus female deputies are exposed to and suffer from a greater degree of stress and potential physical harm due, in part, to overcrowding of female prisoners in CJ#8 and, in part, to the fact that female deputies work alone for long shifts. The City denies these allegations.

Plaintiffs allege that in May, June and July of 2007, there were approximately 20 female inmates in excess of the 86 number capacity for the female-only pods. This far exceeds the available bed space. Plaintiffs further allege that the male pods, on the other hand, do not suffer from the same excess of prisoners as female inmates because they are more readily moved from the County jail to outlying prisons and other appropriate facilities. Plaintiffs further allege that female pods house prisoners who are a danger to themselves, who have an extensive history of violence or even murder in a "mixed" population, thus creating an

environment of hostility and potential danger. Furthermore, plaintiffs allege that the female pods have no special equipment such as special doors and leg and body chains that are commonly used for handling dangerous prisoners. The City denies these allegations, and asserts that plaintiffs have not been harmed by the challenged staffing policy.

Plaintiffs also claim that it is not only female deputy sheriffs who are being discriminated against but also male deputies in that, as of October of 2006, due to the Sheriff's staffing policies, the Sheriff's Department (hereinafter referred to as "Department") implemented a seniority based shift bidding process, a shift bidding process for regular days off (hereinafter referred to as "RDOs") and a shift assignment segregated by gender. Plaintiffs claim that, rather than having shift assignments based on seniority as required under the collective bargaining agreement, the shift assignments are now based on gender resulting in some male deputies having to take less favorable RDOs and shift assignments than if the assignments were based on seniority. The City claims that its shift-bidding process is consistent with the MOU, non-discriminatory, and has caused no harm to plaintiffs.

**B. Factual Issues in Dispute**

**1. Plaintiffs' Identification of Factual Issues in Dispute**

1. Whether defendants distinguished, in the assignment of work, on the basis of gender;

2. Whether defendants retaliated against those deputies who complained before and during the pendency of the State court and now the federal court litigation;

3. Whether defendants restricted and advertised the availability of work on the basis of gender;

4. Whether defendants took all reasonable steps to prevent a violation of law;

5. The nature and extent of compensatory and other available damages;

6. Whether injunctive relief is appropriate under the circumstances.

**2. Defendants' Identification of Factual Issues in Dispute**

1. Whether the City had legitimate, non-discriminatory bases for its staffing policies;

2. Whether plaintiffs have suffered any actionable harm as a result of the Sheriff's policies;

3. Whether the Sheriff's Department reasonably believed that plaintiffs engaged in misconduct justifying discipline imposed on plaintiffs;

4. Whether the City had legitimate, non-discriminatory bases for all challenged employment actions.

**C. Principal Legal Issues in Dispute**

**1. Plaintiffs' Identification of Legal Issues in Dispute**

1. Whether defendants should be enjoined from engaging in illegal discrimination, retaliation and work assignments;

2. Whether defendants have been engaged and continue to be engaged in a pattern of discrimination in violation of the provisions of Title VII of the Civil Rights Act of 1964;

3. Whether defendants have been engaged and continue to be engaged in a pattern of discrimination in violation of the provisions of the Fair Employment and Housing Code, Government Code §12900 et seq.;

4. Whether defendants have failed and continue to fail to prevent discrimination and/or retaliation in violation of Title VII and the Fair Employment and Housing Act;

5. The nature and extent of compensatory and other available damages;

6. The necessity for injunctive relief against defendants.

**2. Defendants' Identification of Legal Issues in Dispute**

1. Whether Title VII and FEHA prohibit the Sheriff's staffing policies under the factual circumstances existing in San Francisco jails.

2. Whether the actions challenged by plaintiffs are adverse employment actions.

## II.    STATE OF THE PLEADINGS

The City has answered the complaint.

## III.    NOTICE OF RELATED CASE AND PROPOSED ACTION THEREON

Plaintiffs filed a Notice of Related Case that disclosed the related case entitled *Ambat et al. v. City and County of San Francisco,* No. C07-03622 SI.  The parties propose that the instant action be related to *Ambat*.

## IV.    DISCOVERY

### A. Rule 26(a) Disclosures

Pursuant to Fed R. Civ. P. 26(a)(1)(E), the parties have agreed that they will exchange initial disclosures on or before September 12, 2008. .

### B. Anticipated Discovery

The parties anticipate propounding written discovery, including document requests, interrogatory requests and requests for admission as well as deposition discovery. It may also be necessary to take third party discovery of witnesses with information relevant to the parties' claims and defenses.

### 1. **Plaintiffs' Statement Regarding Subjects on Which Discovery May Be Needed**

The following is not an exhaustive list of discovery plaintiffs intend to propound but includes documents plaintiffs intend to request or that they requested will voluntarily be produced by defendants.

1. Any sign-up sheets made available to the deputies for the relevant period;

2. Any records reflecting disciplinary actions taken against plaintiffs by the deputies' supervisors;

3. Any correspondence between the plaintiff deputies and their supervisors related to any matter included in the complaint;

4. Any documents reflecting assignments of deputies to particular locations and for particular tasks;

5. Any rebuttals to actions taken against plaintiff deputies for alleged violations of established or newly enacted practices and procedures;

6. Any employment manuals or other documents reflecting policies pertaining to the employment of deputies;

7. Any documents reflecting incidents of violence or other adverse actions that have taken place in the female-only pods;

8. Any documents reflecting termination and/or proposed terminations of any of the named plaintiffs;

9. Any internal memoranda between officers in charge of implementing policies of the Department regarding such polices;

10. Any complaints filed by deputies pertaining to their assignments;

11. All relevant information maintained in electronic form including, but not limited to e-mail correspondence, attachments thereto and any other memoranda or policies that are regularly maintained by defendants in an electronic format.

### 2. Defendants' Statement Regarding Subjects on Which Discovery May be Needed

The City believes that the discovery in this matter will be co-extensive with the discovery in the related matter of *Ambat*, except for the deposition of the plaintiffs. Generally, the City will require the deposition of all plaintiffs, in addition to interrogatories, and, if necessary, medical exams of plaintiffs.

### C. Changes to Discovery Limitations

At this time, plaintiffs do not propose any changes to the limitations on discovery by the Federal Rules of Civil Procedure or the local rules of this District.   Because there are eight plaintiffs, the City may require more than 10 depositions depending on the testimony of the plaintiffs.

### V. ALTERNATIVE DISPUTE RESOLUTION

On July 29, 2008 the parties agreed to and filed their ADR Certificate pursuant to this Court's Order Setting Initial Case Management Conference.  Although inadvertently omitting the signature of defendants' counsel, the parties have agreed to non-binding mediation before either the Court's panel of mediators or before a private mediator and to a settlement conference before a Magistrate Judge.

## VI. PRETRIAL CONFERENCE AND TRIAL SETTING

### A. Length of Trial

The parties estimate that a jury trial of this action will take approximately 6 to 7 weeks.

### Proposed Pretrial Schedule

| | |
|---|---|
| Deadline to file motion to add parties or amend pleadings | October 1, 2008 |
| Completion of all fact discovery and last day to file any fact discovery motions | January 30, 2009 |
| Exchange Expert Disclosures/Reports | March 2, 2009 |
| Exchange Rebuttal Expert Disclosures/Reports | March 13, 2009 |
| Completion of All Expert Discovery and Last Day to File any Expert Discovery Motions | April 30, 2009 |
| Deadline for Filing Summary Judgment Motions | May 1, 2009 |
| Final Pretrial Conference | June 1, 2009 |
| Trial | June 8, 2009 |

### 2. Defendants' Proposed Schedule

The City believes that the schedule for this case the related case of *Ambat* should be the same. There are approximately 28 plaintiffs in *Ambat*, as well as the eight plaintiffs here. The City there sets forth a proposed schedule consistent with the need for discovery in both cases.

| | |
|---|---|
| Deadline to file motion to add parties or amend pleadings | October 1, 2008 |

| | |
|---|---|
| Completion of all fact discovery and last day to file any fact discovery motions | December 11, 2009 |
| Exchange Expert Disclosures/Reports | January 22, 2010 |
| Exchange Rebuttal Expert Disclosures/Reports | February 12, 2010 |
| Completion of All Expert Discovery and Last Day to File any Expert Discovery Motions | March 26, 2010 |
| Deadline for Filing Summary Judgment Motions | May 14, 2010 |
| Final Pretrial Conference | July 2, 2010 |
| Trial | September 27, 2010 |

DATED: August 7, 2008            Murray & Associates

                     /Christina L. Johnson/

               By: _____
                Christina L. Johnson, Attorneys for
                Plaintiffs

DATED: August 6, 2008            City Attorney

                     /Margaret Baumgartner/
             By: _____
                Margaret Baumgartner, Deputy City Attorney
                Attorney for Defendants